UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RAYMOND   DONNELLY,   O'TARA   §
JOHNSON, and DANTE WILLIAMS,   §
                                §
        *Plaintiffs,*            §
                                §
                                §
v.                              §       Civil Action No. 3:20-CV-01106-X
                                §
                                §
ACADEMIC PARTNERSHIPS, LLC,      §
                                §
                                §
        *Defendant.*             §
                                §

## MEMORANDUM OPINION AND ORDER

This case arises out of alleged discrimination based on race, color, and gender.
The plaintiffs claim that Academic Partnerships, LLC (Academic Partnerships)
discriminated against them in violation of Title VII, 42 U.S.C. § 1981, and Title II of
the Texas Labor Code.  Academic Partnerships moved to dismiss in part.  [Doc. No.
7].  After careful consideration, and as explained below, the Court **GRANTS IN
PART** and **DENIES IN PART** the partial motion to dismiss.

### I. Background

Academic Partnerships employed all three plaintiffs.  The plaintiffs claim that
Academic Partnerships treated Black employees differently than white employees.
This disproportionate treatment allegedly included: more stringent application
requirements for Black employees; more rigorous interview processes for Black
employees applying for positions within the company; dividing floors by job type
(which caused the floors to be roughly divided by race) and offering poorer quality

1

bathrooms to Black employees; and giving luncheons for white employees while allowing Black employees to eat only the leftovers.

Academic Partnerships eventually terminated each plaintiff.  O'Tara Johnson and Dante Williams timely filed complaints with the Equal Employment Opportunity Commission (EEOC) and received Right-to-Sue Letters.  Raymond Donnelly did not timely file a complaint with the EEOC.

Academic Partnerships moved to dismiss Johnson's sex-discrimination claims under Title VII and the Texas Labor Code; retaliation claims under Title VII and the Texas Labor Code based on alleged protected activity relating to complaining of gender discrimination; color-discrimination claims under Title VII, the Texas Labor Code, and Section 1981; and sex-, race-, and color-based hostile work environment claims under Title VII, the Texas Labor Code, and Section 1981.  It moved to dismiss Williams's race- and color-discrimination claims under Title VII and the Texas Labor Code based on his failure to be promoted; race- and color-discrimination claims under Title VII, the Texas Labor Code, and Section 1981 based on constructive discharge; race- and color-based hostile work environment claims under Title VII, the Texas Labor Code, and Section 1981; and retaliation claims under Title VII, the Texas Labor Code, and Section 1981.  And it moved to dismiss Donnelly's race- and color-based hostile work environment claims under Section 1981; and color-discrimination claims under Section 1981.

2

## II. Legal Standards

### A. 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."[1]  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[2]  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3]  Although the plausibility standard does not require probability, "it asks for more than a sheer possibility that a defendant has acted unlawfully."[4]  In other words, the standard requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[5]  "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"[6]

### B. Exhausting Administrative Remedies

An employee must file a charge of discrimination with the EEOC or the Texas Workforce Commission within 300 days (for federal law claims brought under Title

---

[1] *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2020).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[3] *Iqbal*, 556 U.S. at 678.

[4] *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

[5] *Iqbal*, 556 U.S. at 678.

[6] *Id.* (quoting *Twombly*, 550 U.S. at 555).

VII) or 180 days (for state law claims under the Texas Labor Code).[7]  And he or she must file a separate charge for each discrete discriminatory or adverse employment action.[8]  If an employee timely files a charge and receives a right-to-sue notice, he or she may pursue only those claims that can "reasonably be expected to grow out of the charge of discrimination."[9]  Failing to include a claim in his or her charge prevents an employee from suing on the claim, unless what was in the charge would have led the EEOC to investigate and would have put the employer on notice.[10]

## C. Color Discrimination

To state a claim for color discrimination, the plaintiff must allege facts demonstrating the same prima facie elements of a race-discrimination claim: (1) he or she is a member of a protected class; (2) he or she was qualified for his or her position; (3) he or she was subjected to an adverse employment action; and (4) he or she was treated less favorably that others similarly situated that were not members of the protected class.[11]  In addition, the plaintiff must allege facts plausibly showing that the hue or pigment of his or her skin is the cause of the discrimination.[12]

---

[7] *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

[8] *Id.* at 110 (2002).

[9] *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990).

[10] *See McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 274 (5th Cir. 2008).

[11] *Arora v. Starwood Hotels & Resorts Worldwide, Inc.*, 294 F. App'x 159, 161 (5th Cir. 2008).

[12] *See Taylor v. Texas S. Univ.*, 2013 WL 5410073, at *8 (S.D. Tex. Sep. 25, 2013) (explaining that while there is limited Fifth Circuit case law on point, other circuits use this test).

### III. Analysis

***Johnson***.   The Court **DENIES** Academic Partnerships' motion to dismiss Johnson's sex-discrimination claims under Title VII and the Texas Labor Code; retaliation claims under Title VII and the Texas Labor Code based on alleged protected activity relating to complaining of gender discrimination; and sex- and race-based hostile work environment claims under Title VII, the Texas Labor Code, and Section 1981.   The Court **GRANTS** Academic Partnership's motion to dismiss Johnson's color discrimination claims under Title VII, the Texas Labor Code, and Section 1981 and Johnson's color-based hostile work environment claim under Title VII, the Texas Labor Code, and Section 1981.

The complaint explains that Johnson timely filed a complaint with the EEOC and received a right-to-sue letter.   Johnson's charge is attached to Academic Partnerships' motion to dismiss.[13]   Notably, Johnson did not check the "color" box; instead, she checked boxes for race-, sex-, and retaliation-discrimination.

To be sure, Johnson's color-discrimination claims should not be dismissed merely because she failed to check the "color" box on her charge.   The focus is instead on the "scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."[14]   In order words, if Johnson's charge contained

---

[13] The Court can consider the EEOC charge at this stage because it is attached to the motion to dismiss, referred to in the plaintiffs' complaint, and central to Johnson and Williams's claims.   *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (noting approvingly "that '[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim'" (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993))).

[14] *McClain*, 519 F.3d at 274.

sufficient factual allegations to prompt an EEOC investigation on color discrimination, her failure to check the "color" box would not bar the inclusion of her color-discrimination claims in the complaint. But Johnson did not include any facts in her charge concerning color discrimination.

Color and race discrimination are related but distinct forms of discrimination; the fact that the EEOC charge contains separate boxes for each type of discrimination emphasizes this. Although color discrimination is expressly recognized by statute, "there is hardly any Fifth Circuit case law on point."[15] But other circuits "that have considered claims of color discrimination have generally held that '[c]olor discrimination arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African–American individual is discriminated against in favor of a light-colored African–American individual.'"[16]

Johnson's charge notes that a white employee "was instantly promoted" after being removed from "write up," while Academic Partnerships' did not consider qualified Black employees, including Johnson, for the same position.[17] The charge also states that Johnson "complained to HR about hiring and promotions practices with regard to *race*."[18] But nowhere in her charge does Johnson describe facts

---

[15] *Taylor*, 2013 WL 5410073, at *8.

[16] *Id.* (quoting *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 132 n.5 (4th Cir. 2002)).

[17] Doc. No. 8 at 1.

[18] *Id.* (emphasis added).

relating to the hue or pigment of her skin, which would reasonably give rise to an EEOC investigation of color discrimination.

Similarly, the complaint is devoid of facts relating to color discrimination.  It explains that Johnson "noticed differences in [Academic Partnerships'] hiring and promotion practices with respect to *race*."[19]  The complaint also alleges that Johnson filed a complaint "regarding [Academic Partnerships'] discriminatory hiring and promotional practices based on *gender and race*."[20]  But the complaint wholly lacks any allegations related to color discrimination.

Therefore, Johnson failed to state a plausible claim of color discrimination. The Court **DISMISSES WITH PREJUDICE** Johnson's color discrimination claims brought under Title VII and the Texas Labor Code because they are barred by her failure to exhaust administrative remedies. But there is no administrative exhaustion requirement for Section 1981.  As such, the Court **DISMISSES WITHOUT PREJUDICE** Johnson's color discrimination claims brought under Section 1981.  Because the Court "should freely give leave when justice so requires," it will allow Johnson one opportunity to file an amended pleading for the limited purpose of repleading her color discrimination claims brought under Section 1981.[21] Johnson must remedy the defects identified in this order within 28 days if she wishes to replead.

---

[19] Doc. No. 1 at 9 (emphasis added).

[20] *Id.* at 10 (emphasis added).

[21] FED. R. CIV. P. 15(a)(2).

*Williams*.  The Court **DENIES** Academic Partnerships' motion to dismiss Williams's race-discrimination claims under Title VII and the Texas Labor Code based on his failure to be promoted; race-discrimination claims under Title VII, the Texas Labor Code, and Section 1981 based on constructive discharge; race-based hostile work environment claims under Title VII, the Texas Labor Code, and Section 1981; and retaliation claims under Title VII, the Texas Labor Code, and Section 1981. The Court **GRANTS** Academic Partnerships' motion to dismiss Williams's: (1) color-discrimination claims under Title VII and the Texas Labor Code based on his failure to be promoted, (2) color-discrimination claims under Title VII, the Texas Labor Code, and Section 1981 based on constructive discharge, and (3) color-based hostile work environment claims under Title VII, the Texas Labor Code, and Section 1981.

Unlike Johnson, Williams did check the "color" box on his EEOC charge.  But even so, the complaint is devoid of any facts which could plausibly state a claim of color discrimination.  The complaint explains that although Donnelly requested a title change to reflect his job duties, he did not receive one, even though Academic Partnerships "created Manager positions for several of [Williams's] White colleagues."[22]  It also alleges that Academic Partnerships did not require white employees to undergo the same promotional procedures as Black employees and that Williams complained about discriminatory treatment, promotion, and hiring practices.

---

[22] Doc. No. 1 at 11.

The complaint does not, however, allege any facts relating to the hue or pigment of Williams's skin tone.  By failing to allege any facts related to color discrimination, the complaint fails to state a plausible claim with respect to color discrimination under Title VII, the Texas Labor Code, or Section 1981.  By checking the "color" box on his charge, Williams exhausted his administrative remedies, and his color discrimination claims under Title VII and the Texas Labor Code are not barred.

The Court **DISMISSES WITHOUT PREJUDICE** Williams's (1) color-discrimination claims under Title VII and the Texas Labor Code based on his failure to be promoted, (2) color-discrimination claims under Title VII, the Texas Labor Code, and Section 1981 based on constructive discharge, and (3) color-based hostile work environment claims under Title VII, the Texas Labor Code, and Section 1981. Because the Court "should freely give leave when justice so requires," it will allow Williams one opportunity to file an amended pleading for the limited purpose of repleading his color discrimination claims brought under Title VII, the Texas Labor Code, and Section 1981.[23]  Williams must remedy the defects identified in this order within 28 days if he wishes to replead.

***Donnelly***.  The Court **DENIES** Academic Partnerships' motion to dismiss Donnelly's race-based hostile work environment claims under Section 1981 and **GRANTS** Academic Partnerships' motion to dismiss Donnelly's color-based hostile

---

[23] FED. R. CIV. P. 15(a)(2).

9

work environment claims and color-discrimination claims brought under Section 1981.

Like Johnson and Williams, Donnelly also failed to plead any facts that could plausibly state a claim for color discrimination.  The complaint explains that "Donnelly was subjected to disparate treatment and harassment because of his race."[24]  It also states that despite winning internal awards, Academic Partnerships cited a lack of internal accomplishments when declining to promote Donnelly.  And it notes that Donnelly complained to "HR regarding [Academic Partnerships'] disparaging treatment and discriminatory hiring and promotional practices."[25]  While the complaint contains various factual allegations, it is devoid of facts which would plausibly allege a claim for color discrimination.

The Court therefore **DISMISSES WITHOUT PREJUDICE** Donnelly's color-discrimination claims under Section 1981.  Because the Court "should freely give leave when justice so requires," it will allow Donnelly one opportunity to file an amended pleading for the limited purpose of repleading his color discrimination claims under Section 1981.[26]  Donnelly must remedy the defects identified in this order within 28 days if he wishes to replead.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss.  The Court **DISMISSES WITH PREJUDICE**

---

[24] Doc. No. 1 at 5.

[25] *Id.* at 6.

[26] FED. R. CIV. P. 15(a)(2).

Johnson's color-discrimination claims under Title VII and the Texas Labor Code and **DISMISSES WITHOUT PREJUDICE** Johnson's color-discrimination claims under Section 1981. Johnson may replead her color-discrimination claims brought under Section 1981 within 28 days. The Court also **DISMISSES WITHOUT PREJUDICE** Williams's color-discrimination claims brought under Title VII, the Texas Labor Code, and Section 1981. Williams may replead his color-discrimination claims within 28 days. And the Court **DISMISSES WITHOUT PREJUDICE** Donnelly's color-discrimination claims brought under Section 1981. Donnelly may replead his color-discrimination claims within 28 days.

   **IT IS SO ORDERED** this 9th day of February 2021.


_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE